**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, New Jersey 07068
973/535-1600
Attorneys for Plaintiff



## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAPTIVE AUDIENCE, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>PANTEL SYSTEMS, INC a/k/a FRIENDLYWAY, INC., PANTEL FINANCIAL CENTERS, INC., IGNITION MEDIA GROUP, INC., FRIENDLYWAY CORPORATION, SLOAN SECURITIES CORPORATION, ATLANTIC PROFESSIONAL ASSOCIATION, INC., JAMES C. ACKERMAN, LAWRENCE S. ACKERMAN, ERIC KASH, KEN UPCRAFT, and DAVID LOTT<br><br>          Defendants. | Civil Action No. 07 −632 (JAG )<br><br>**CIVIL ACTION**<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiff, Captive Audience, LLC ("Captive"), by way of Verified Complaint against Defendants, says:

### THE PARTIES

1.  Captive is a limited liability company with its principal office at 1 Wiebel Plaza, Sussex, New Jersey 07461.

2.  Defendant Pantel Systems, Inc. a/k/a friendlyway, Inc. ("PSI") is a Nevada corporation with its principal office at 7222 Commerce Center Drive, Suite 240, Colorado Springs, Colorado 80919.

3.   Defendant Ignition Media Group, Inc. ("IMG") is a Nevada corporation with its principal office at 7222 Commerce Center Drive, Suite 240, Colorado Springs, Colorado 80919.

4.   Defendant Pantel Financial Centers Inc. ("Pantel Financial") is a Nevada corporation with its principal office at 7222 Commerce Center Drive, Suite 240, Colorado Springs, Colorado 80919.

5.   Defendant Friendlyway Corporation ("Friendlyway") is, upon information and belief, a Nevada corporation with its principal office at 7222 Commerce Center Drive, Suite 240, Colorado Springs, Colorado 80919.

6.   Defendant Sloan Securities Corp. ("Sloan") is, upon information and belief, a New York corporation with offices at 444 Madison Avenue, 23rd Floor, New York, New York 10022.

7.   Defendant Atlantic Professional Association, Inc. ("Atlantic") is, upon information and belief, a New York corporation with offices at 444 Madison Avenue, 23rd Floor, New York, New York 10022.

8.   Upon information and belief, Atlantic exists only as an investor and/or alter ego and has no business operations apart from a relationship with Friendlyway and Pantel Financial.

9.   Eric Kash ("Kash") is a shareholder of PSI and an officer, member and/or employee of Sloan.

2

10.   Sloan and Kash arranged the financing and investment monies for Friendlyway and Pantel Financial.

11.   James C. Ackerman is the President and Chief Executive Officer of Sloan.

12.   Lawrence S. Ackerman is the President of Atlantic.

13.   Upon information and belief, Sloan and Atlantic, James C. Ackerman, Lawrence S. Ackerman and Kash (collectively "Atlantic") are alter egos of each other.

14.   Ken Upcraft ("Upcraft") is the former Chief Executive Officer of Defendant PSI and, upon information and belief, with an address at 6005 Delmonico Drive, Suite 140, Colorado Springs, Colorado, 80919.

15.   Upcraft is the former Chief Executive Officer and President of Friendlyway.

16.   David Lott ("Lott") is the former Chief Executive Officer of Defendant PSI and, upon information and belief, with an address at 1701 Tall Forest Lane, Collieville, Tennessee 38017.

17.   Upon information and belief, PSI, Atlantic, Lott and Upcraft are alter egos of each other.

### JURISDICTION AND VENUE

18.   The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3

19.   Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

## FACTUAL BACKGROUND

20.   At relevant times, Captive is or was in the business of providing electronic media advertising services, including digital signage equipment, to supermarkets, among other customers.

21.   In the Spring of 2006, PSI and IMG approached Captive in an effort to purchase Captive's assets, which included certain equipment, and certain contract rights between Captive and its customers.   These assets constituted the core of Captive's business, the loss or impairment of which would constitute irreparable harm to Captive.

22.   Unbeknownst to Captive, Friendlyway and Pantel Financial had obtained certain financing through Atlantic.

23.   Atlantic filed a UCC-1 Financing Statement (the "Lien"), on July 19, 2006, listing only Friendlyway and Pantel Financial as debtors, for the funds Atlantic invested and/or loaned to Friendlyway.

24.   Neither PSI nor IMG were listed on Atlantic's Lien.

25.   The Lien granted Atlantic a security interest in the assts of Friendlyway and Pantel Financial, in "which any Assignor now has or hereafter may acquire any right, title or interest, all proceeds and precuts thereof …"

4

26.   At all times relevant hereto, PSI and IMG represented that they had sufficient funds and capital to expeditiously purchase Captive's assets, install equipment at additional customer sites so as to remain in compliance with obligations to those customers, as well as to assume responsibility for Captive's employees so as to step into the shoes of Captive's business operations.

27.   Towards this end PSI and IMG agreed to operate and manage the affairs of Captive's business until such time as the parties could agree upon, conclude and close on an Asset Purchase Agreement.

28.   On May 18, 2006, PSI and IMG, as buyers, executed and delivered an Asset Purchase Agreement (the "APA") to Captive, as seller, for the sale of Captive's assets (the "Collateral") to PSI and IMG, which included five (5) contracts between Captive and its customers for, among other things, the installation of digital signage equipment.

29.   Neither Friendlyway nor Pantel Financial were parties to the APA.

30.   The terms of the APA required PSI and IMG, among other things, to deliver to Captive 5,909,091 shares of common stock in PSI by September 20, 2006.

31.   On or about August 21, 2006, Friendlyway executed and delivered a Commercial Promissory Note (the "Note") to Captive.

884517.01

32.  The closing of the transaction took place on or about August 22, 2006.

33.  On September 11, 2006, Captive perfected a security interest in the Collateral by filing a UCC-1 financing statement with the Nevada Secretary of State, Uniform Commercial Code Division.

34.  PSI and IMG defaulted on the terms of the APA.

35.  On September 18, 2006, Captive declared the Note to be in default and accelerated the balance owed under the Note.

36.  PSI unequivocally advised Captive on October 5, 2006 that it "no longer intends [sic] to proceed under the Asset Purchase Agreement" and that it expected that "Captive will execute an agreement of rescission sufficiently documenting the unwinding of the transaction."

37.  Subsequently, PSI and IMG refused to confirm in writing that Captive was lawfully entitled to own or possess the Collateral and otherwise engaged in conduct that impaired Captive's ability to utilize the Collateral to pursue its business.

38.  To avoid irreparable harm, Captive initiated a lawsuit entitled Captive Audience, LLC v. Pantel Systems, Inc., et al., Docket No. 06-5020 (the "Prior Litigation"), against PSI and IMG on October 18, 2006, seeking, among other things, an Order declaring that Captive is the sole owner of the Collateral.

884517.01

39.   On or about November 13, 2006, the Parties appeared before the Honorable Joseph A. Greenaway, Jr., U.S.D.J. for a settlement conference.

40.   At the Settlement Conference the Parties settled the Prior Litigation, agreeing, in part, to rescind and Void the APA, "*ab initio*", and return all of Captive's assets and Collateral to Captive.

41.   The   Settlement   was   memorialized   in   a   written settlement agreement dated November 13, 2006 (the "Settlement").

42.   The Settlement was executed by Upcraft, who was the Chief Executive Officer of PSI, on behalf of all of PSI's past, present and future … subsidiaries, affiliates [and] predecessors in interest."

43.   In the Settlement, PSI and IMG expressly represented that "PSI [which is defined to include all PSI's affiliates and subsidiaries] states to the best of its knowledge that [it] is not aware of the existence of any claims of any Purchaser Party or of any third party that may have claims against Captive" (emphasis added).

44.   Moreover, PSI expressly represented that "the parties hereto represent and warrant that they have not assigned, transferred, conveyed or released and discharged, voluntarily or involuntarily, or by operation of law, to any other entity an

7

interest in the disputes which are the subject of this Settlement Agreement" (emphasis added).

45. In addition, the Settlement required PSI to render the APA "null and void *ab initio*" and return the Collateral to Captive.

46. In ¶2 of the Settlement, PSI reacquired its shares of stock that had been conveyed to Captive, and Captive relinquished all rights to the stock at issue.

47. Atlantic was aware of PSI's and IMG's transactions with Captive, and participated in the decision-making pertaining to the Settlement.

48. Indeed, the existence of the Prior Litigation was disclosed to the public through PSI's SEC filings, on November 2, 2006.

49. Moreover, the Settlement was disclosed to the public through PSI's SEC filings, on November 17, 2006.

50. As of the date of this filing, the Settlement is available to the public, free of charge, via the SEC's website.

51. All Defendants failed to notify Captive of the existence of and failed to assert any security interest in the Collateral, pursuant to the Lien, at anytime prior the execution of the Settlement.

52. On December 11, 2006, Atlantic filed an amendment to the Lien, adding PSI as a debtor.

8

53. On January 3, 2006, while pursuing a sale of the Collateral to a third party, Captive contacted PSI's and IMG's counsel and specifically requested written confirmation that PSI had not "hypothecated, transferred or caused a lien to be filed against any of the assets that were the subject of" the Prior Litigation.

54. On January 16, 2007, Lott, then Chief Executive Officer of PSI, confirmed in writing that PSI, among other entities including Friendlyway, had "not transferred and/or caused a lien to be filed against the Assets."

55. Captive relied upon PSI's representations by obligating itself to sell the collateral to a third party for a substantial sum.

56. Having learned that Captive intended to again convey the Collateral for millions of dollars, PSI and Atlantic advised Captive on February 1, 2007 that the representations made in the Settlement and in the January 16, 2007 letter by Lott were either false or inaccurate and that Atlantic held a valid and enforceable lien against the Collateral, prohibiting transfer and demanded that Captive pay $300,000 to PSI and Atlantic.

57. Captive advised the Defendants that the Lien filed by Atlantic did not encumber the Collateral, or alternatively, that Defendants were in breach of the Settlement by failing to convey ownership of the Collateral back to Captive in accordance with

9

the Settlement, that Captive was not required to make any additional payment and did not have the financial resources in any event to make such payment.

58. Despite Captive's notice of default, Defendants' have refused to convey the full interest in the Collateral back to Captive and have failed to take the required actions to discharge the Lien.

59. Defendants never asserted any rights under the Lien during the Prior Litigation or during the negotiations of the Settlement, despite having knowledge of same.

60. Instead, Defendants intentionally failed to assert any rights pursuant to the Lien until they learned of Captive's imminent sale of the Collateral.  Defendants now seek to assert rights -- not against the assets of PSI -- but only against the Collateral of Captive, which was returned to Captive on November 13, 2006, pursuant to the Settlement and prior to Atlantic's December 11, 2006, amendment to the Lien.

61. With Atlantic seeking to enforce its improper Lien, Captive is unable to sell the Collateral and unable to utilize the Collateral to obtain interim financing so as to be able to continue business operations.

62. Indeed, in light of the Lien and Defendants failure to remove the Lien, Captive will be unable to continue as a going concern and faces the complete destruction of its business.

10

63.   To the extent Defendants are permitted to continue to impair the Collateral, Captive has suffered and will continue to suffer irreparable harm.

## FIRST COUNT

64.   Captive incorporates the allegations of the ¶¶1-72 of its Complaint as if set forth herein at length.

65.   At all times relevant hereto, Defendants represented that their transaction with Captive was "rescinded", "null and void *ab initio*", and that Defendants had conveyed to Captive sole possession and ownership over the Collateral, free of any interests, under the terms set forth in the Settlement.

66.   Defendants knew or should have known that their representations were false when made.

67.   Defendants' misrepresentations were made willfully and intentionally to induce Captive to enter into the Settlement, to enable them to repurchase their shares of stock and to obtain a dismissal of the Prior Litigation.

68.   Captive   reasonably   relied   upon   Defendants' misrepresentations by entering into the Settlement, by conveying the shares of stock at issue back to the Defendants, by dismissing the Prior Litigation and by entering into a new agreement with a third party for the sale of the Collateral.

11

69. Defendants' conduct constitutes an unlawful practice under the federal securities laws, 15 U.S.C. 78j(b) and 17 C.F.R. 240.10b-5.

70. As a direct and proximate result of Defendants' unlawful conduct, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

a. the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

b. declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c. an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d. declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

884517.01

e.   declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.   declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

g.   compensatory damages;

h.   punitive damages;

i.   specific performance under the Settlement Agreement;

j.   interest;

k.   attorney's fees and costs of suit; and

l.   such other relief as the Court deems just and appropriate.

**SECOND COUNT**

71.   Captive incorporates the allegations of the First Count of its Complaint as if set forth herein at length.

72.   Defendants' failures to perform in accordance with the Settlement constitute a breach of contract.

73.   As a direct and proximate result of Defendants' breaches of their contracts with Captive, including the Settlement Agreement, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc.,

884517.01

Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

a.  the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

b.  declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c.  an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d.  declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

e.  declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.  declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

14

g.    compensatory damages;

h.    specific    performance    under    the    Settlement
      Agreement;

i.    interest;

j.    attorney's fees and costs of suit; and

k.    such other relief as the Court deems just and
      appropriate.

### THIRD COUNT

74. Captive incorporates the allegations of the First and Second Counts of its Complaint as if set forth herein at length.

75. By willfully failing and refusing to convey an unimpaired interest in the Collateral, and by otherwise willfully failing to comply with the Settlement, and/or interfering with the Collateral, Defendants have breached the implied covenant of good faith and fair dealing in the Settlement.

76. As a direct and proximate result of Defendants' breaches of the covenant of good faith and fair dealing, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S.

15

Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

a.  the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

b.  declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c.  an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d.  declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

e.  declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.  declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

g.  compensatory damages;

h.  specific performance under the Settlement Agreement;

i.  interest;

j.  attorney's fees and costs of suit; and

16

k.    such  other  relief  as  the  Court  deems  just  and
appropriate.

**FOURTH COUNT**

77.  Captive  incorporates  the  allegations  of  the  First
through Third Counts of its Complaint as if set forth herein at
length.

78.  Defendants  represented  to  Captive  in  the  Settlement
that they would convey to Captive an unimpaired interest in the
Collateral and that they would comply with the terms/conditions
and/or provisions of the Settlement.

79.  Moreover,  Defendants,  and  their  past  present  and
future  officers,  directors,  members,  parents,  subsidiaries,
affiliates,  predecessor  in  interest  and  employees,  represented
in the Settlement that:

A. "the purchase of the [Collateral] pursuant to the
APA  shall  be  deemed  rescinded,  terminated,  cancelled  and  null
and void *ab initio*, and the APA and all ancillary agreements
executed in connection therewith or contemplated thereby … shall
be deemed rescinded, terminated, cancelled and null and void *ab
initio*";

B. they "hereby  agree  that  [they]  relinquishes  all
right,  title  and  interest  in  and  to  any  and  all  contract,
assignment and/or any assets of any kind whether or not included
in the [Collateral] that had anything to do with the purchase of
assets from Captive;

17

C. they "state[] to the best of [their] knowledge that [they] are not aware of the existence of any claims of any Purchaser Party or of any third party that may have claims against Captive"; and

D. they would "take any and all steps, including without limitation, the execution of instruments, assignments, powers or other documentation, which may be reasonably requested by any other party hereto in order to carry out the intent of" the Settlement.

80. Moreover, during Captive's due diligence efforts in furtherance of its most recent sale of the Collateral, Defendants, and specifically, Lott, while he was Chief Executive Officer of PSI, represented on January 16, 2007, that Defendants had not caused any liens to be filed against the Collateral.

81. Defendants knew or should have known that their representations were false when made.

82. Captive relied upon Defendants' misrepresentations by entering into the Settlement, conveying the shares at issue to Defendants, dismissing the Prior Litigation and entering into a transaction with a third party to sell the Collateral.

83. As a direct and proximate result of Defendants' misrepresentations, Captive has suffered and continues to suffer irreparable harm and damages.

18

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

a. the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

b. declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c. an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d. declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

e. declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f. declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

19

884517.01

g.    compensatory damages;

h.    punitive damages;

i.    specific performance under the Settlement Agreement;

j.    interest;

k.    attorney's fees and costs of suit; and

l.    such other relief as the Court deems just and appropriate.

### FIFTH COUNT

84.  Captive incorporates the allegations of the First through Fourth Counts of its Complaint as if set forth herein at length.

85.  As a direct and proximate result of Defendants' negligent misrepresentations, as aforesaid, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

a.    the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

20

884517.01

b.   declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c.   an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d.   declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

e.   declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.   declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

g.   compensatory damages;

h.   specific performance under the Settlement Agreement;

i.   interest;

j.   attorney's fees and costs of suit; and

k.   such other relief as the Court deems just and appropriate.

### SIXTH COUNT

86.   Captive incorporates the allegations of the First through Fifth Counts of its Complaint as if set forth herein at length.

21

884517.01

87. By failing and refusing to convey to Captive an unimpaired interest in the Collateral, pursuant to the Settlement, by failing to disclose the existence of or assert any rights pursuant the Lien; and by otherwise interfering with the Collateral, Defendants have tortiously interfered with Captive's prospective economic advantage.

88. Defendant's conduct was willful and intentional with malice for the purpose of enriching themselves at the expense of Captive.

89. As a direct and proximate result of Defendants' tortious interference with prospective economic advantage, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

    a. the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

    b. declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway,

22

Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c.   an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d.   declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

e.   declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.   declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

g.   compensatory damages;

h.   punitive damages;

i.   specific performance under the Settlement Agreement;

j.   interest;

k.   attorney's fees and costs of suit; and

l.   such other relief as the Court deems just and appropriate

### SEVENTH COUNT

90.   Captive incorporates the allegations of the First through Sixth Counts of its Complaint as if set forth herein at length.

23

884517.01

91.   Defendants knew or should have known that Captive had entered into agreements with third parties in connection with the Collateral.

92.   Atlantic knew or should have known of the Settlement and the requirement for PSI and IMG to perform thereunder.

93.   Notwithstanding that knowledge, Defendants have interfered with said agreements.

94.   Defendants' conduct is tortious and intentional with malice for the purpose of enriching themselves at the expense of Captive.

95.   As a direct and proximate result of Defendants' tortious interference with contractual relations, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

    a.   the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

    b.   declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway,

24

884517.01

Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

c.  an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

d.  declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

e.  declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.  declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

g.  compensatory damages;

h.  punitive damages;

i.  specific performance under the Settlement Agreement;

j.  interest;

k.  attorney's fees and costs of suit; and

l.  such other relief as the Court deems just and appropriate;

## EIGHTH COUNT

96.  Captive incorporates the allegations of the First through Seventh Counts of its Complaint as if set forth herein at length.

25

97.  Captive demanded that Defendants convey to Captive an unimpaired interest in the Collateral, pursuant to the Settlement.

98.  Defendants have failed and refused to turnover possession of the Collateral and continue to assert dominion and control over the Collateral.

99.  Defendants' refusal to turn over possession of the Collateral, pursuant to the terms of the Settlement, constitutes a conversion of the Collateral.

100. As a direct and proximate result of Defendants' conversion, Captive has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

   a.  the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

   b.  declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

26

c.   an Order compelling Defendants to take all steps
     necessary to satisfy all creditors who were granted an
     interest in the Collateral by any of the Defendants
     and their past and present officers, directors,
     members, parents, subsidiaries, affiliates,
     predecessors in interest and employees;

d.   declaratory judgment, declaring and adjudicating
     plaintiff Captive Audience, LLC to be the sole-owner
     of the Collateral;

e.   declaratory judgment, declaring and adjudicating that
     any UCC Financing Statement filed by Atlantic
     Professional Association, Inc., to be unenforceable
     against any assets or interests of Captive Audience,
     LLC or any successors in interest of any assets or
     interests of Captive Audience, LLC.

f.   declaratory judgment, declaring and adjudicating that
     Atlantic Professional Association, Inc. is estopped
     from asserting any rights against Captive or its
     successors in interest arising out of the subject
     matter of this litigation;

g.   compensatory damages;

h.   specific performance under the Settlement Agreement;

i.   interest;

j.   attorney's fees and costs of suit; and

k.   such other relief as the Court deems just and
     appropriate.

### NINTH COUNT

101. Captive incorporates the allegations of the First
through Eighth Counts of its Complaint as if set forth herein at
length.

102. As a direct and proximate result of the foregoing, the
Defendants have been unjustly enriched.

884517.01

103. As a direct and proximate result of Defendants' unjust enrichment, Captive has suffered and continues to suffer irreparable harm and damages

**WHEREFORE,** plaintiff Captive Audience, LLC demands judgment against defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc., Pantel Financial Centers, Inc., Ignition Media Group, Inc., Friendlyway Corporation, Sloan Securities Corporation, Atlantic Professional Association, Inc., James C. Ackerman, Lawrence S. Ackerman, Eric Kash, Ken Upcraft and David Lott, jointly and severally, for

    a.   the entry of a permanent injunction, precluding Defendants from interfering with or otherwise impairing the Collateral or Captive's ability to possess or otherwise utilize or transfer the Collateral;

    b.   declaratory judgment, declaring and adjudicating defendants Pantel Systems, Inc. a/k/a Friendlyway, Inc. and Ignition Media Group, Inc. to be in Breach and/or Default of the Settlement Agreement;

    c.   an Order compelling Defendants to take all steps necessary to satisfy all creditors who were granted an interest in the Collateral by any of the Defendants and their past and present officers, directors, members, parents, subsidiaries, affiliates, predecessors in interest and employees;

    d.   declaratory judgment, declaring and adjudicating plaintiff Captive Audience, LLC to be the sole-owner of the Collateral;

    e.   declaratory judgment, declaring and adjudicating that any UCC Financing Statement filed by Atlantic Professional Association, Inc., to be unenforceable against any assets or interests of Captive Audience, LLC or any successors in interest of any assets or interests of Captive Audience, LLC.

f.   declaratory judgment, declaring and adjudicating that Atlantic Professional Association, Inc. is estopped from asserting any rights against Captive or its successors in interest arising out of the subject matter of this litigation;

g.   compensatory damages;

h.   specific performance under the Settlement Agreement;

i.   interest;

j.   attorney's fees and costs of suit; and

k.   such other relief as the Court deems just and appropriate.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff


By: /s/ Marc J. Gross
    MARC J. GROSS

Dated:   February 5, 2007


## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff


By: /s/ Marc J. Gross
    MARC J. GROSS

Dated:   February 5, 2007